## LOUISIANA RY. & NAV. CO. OF TEXAS v. TAYLOR. (No. 3251.)

(Court of Civil Appeals of Texas. Texarkana. May 27, 1926. Rehearing Denied June 10, 1926.)

1. **Continuance** ⟨⇒⟩22—Motion for continuance on ground of absence of driver of railroad motor car at time of collision, occasioning injury to plaintiff, held properly denied for lack of diligence and failure to plead contributory negligence as to speed of car.

In action by section foreman for injuries received in collision when returning from work on railroad motor car, motion for continuance because of absence of driver, by whom defendant proposed to prove speed of car, *held* properly denied, in view of lack of diligence in ascertaining whereabouts and since contributory negligence because of speed of car was not pleaded.

2. **Continuance** ⟨⇒⟩33—Application for continuance because of absence of witness held properly refused, in view of agreement as to his testimony, which testimony would have been available had witness been present when it was possible for him to do so.

Application for continuance because of absence of witness *held* properly denied, where it was agreed that statement of what defendant expected to prove by witness might be read without objection, and testimony would have been available if witness had been present at time when it was possible for him to be there.

3. **Appeal and error** ⟨⇒⟩1050(1)—Admitting testimony of section foreman as to speed of motor car colliding with his own, that other car must have been running at terrible rate, held not reversible error, in view of testimony and physical facts indicating one or both cars were going at rapid rate.

In action by section foreman against railroad for injuries when his motor car collided with another, admitting statement of witness in answer to question if he saw other car in time to ascertain speed, that he did not believe he could, but that it must have been running at terrible rate of speed, *held* not reversible error, in view of other testimony and physical facts attending collision indicating one or both cars were going at rapid rate.

4. **Damages** ⟨⇒⟩178.

Admitting evidence that injured plaintiff thought he was going to die on recovering consciousness *held* proper as bearing on mental anguish and suffering.

5. **Damages** ⟨⇒⟩132(1).

$18,000 for serious injuries to section foreman, well advanced in years, practically disabling him for life, *held* not excessive.

Appeal from District Court, Cass County; Hugh Carney, Judge.

Suit by J. S. Taylor against the Louisiana Railway & Navigation Company of Texas. Judgment for plaintiff and defendant appeals. Affirmed.

McMahan & Dohoney, of Greenville, and Schluter & Singleton, of Jefferson, for appellant.

S. P. Jones and Barret Gibson, both of Marshall, for appellee.

HODGES, J. The appellee, Taylor, was injured while in the service of the appellant as a section foreman and this appeal is from a judgment awarding him damages. The facts show that on the 9th of July, 1924, at the close of the day's work, Taylor and his crew of men were returning to Hughes Springs on a motor car. While rounding a sharp curve in the track, they collided with a car going in the opposite direction and driven by Lovelace, a telegraph lineman, also in the appellant's employ. As a result of the collision, Taylor was thrown from his car and seriously injured. He later filed this suit and recovered a judgment for the sum of $18,000. He alleged negligence on the part of Lovelace in operating his car at a high rate of speed while going around the curve.

When the case was called for trial, appellant applied for a continuance because of the absence of a witness, Alex Morris, who was driving Taylor's car at the time of the collision. It appeared from the application that a subpœna had been issued to Cass county for Morris and other witnesses. The return of the sheriff showed that Morris could not be found because he was out of the state. The application stated that Morris was then residing at some place, unknown to the appellant, in Oklahoma; that appellant expected to later ascertain, upon inquiry, his whereabouts and take his deposition. The application further stated that appellant expected to prove by Morris that at the time the collision occurred the car he was driving was traveling at the rate of about 15 miles per hour and that he did not have time, after discovering the other car, to apply the brakes until just as the collision occurred. The application was verified by the affidavit of one of the attorneys for appellant. The bill of exception was approved with the qualification that Morris was one of several others present on the car, all of whom, except Morris, were present at the trial and available for defendant.

[1] In passing upon the motion for a new trial the court heard testimony concerning the diligence used by the appellant in procuring the attendance of Morris as a witness. This testimony tended to show that in the spring of 1925, some months before the trial, Morris and his wife moved from Cass county to Greenville, Tex., where he was employed for a time in the service of the appellant. He later left Greenville and went to McKinney, Tex., where he again worked for the appellant. In July or August he left Mc-

Kinney and moved to Denison, Tex., where he resided until about three weeks before the trial, when he left the state. The subpœna for Morris was issued on August 31st, and the trial began on September 8th. It thus appears that Morris was out of the state at the time the subpœna was issued. Up to within a short time before leaving the state Morris had been in the service of the appellant. It would seem that by the exercise of a proper degree of diligence his whereabouts might have been ascertained, and, if practicable, his deposition taken. Under the circumstances we do not think the court abused his discretion in refusing a continuance on account of the absence of Morris. It was by no means certain that he would have testified to the facts stated in the application. The unfamiliarity shown regarding the movements and whereabouts of the witness indicates a probable lack of familiarity as to the testimony he would give. Appellant had not pleaded contributory negligence in running the Taylor car at a rapid rate of speed as a contributing cause of the collision or of its violent results. The proximate cause of the injury, according to the averments and testimony of the plaintiff, was the rapid rate of speed at which the Lovelace car was running, and it is not claimed that Morris would testify to any material fact upon that issue. While this was the appellant's first application for a continuance, the showing made does not bring it within the rule which deprives the court of any discretion in passing upon the question of diligence.

[2] After the trial, had commenced, and while the plaintiff was introducing his evidence, counsel for the appellant asked permission to withdraw their announcement, and that the case be continued for the term. That application was based upon information just then received that another witness, W. C. Borchert, appellant's civil engineer, was called away because of sickness of a relative, and could not remain to testify as was expected. It appears that Borchert had not been summoned as a witness, but had agreed to come when called to testify. The bill of exception taken to the refusal of the court to grant that application is thus qualified:

"The defendant's bill of exception No. 2 is qualified to show that, after the defendant's application to withdraw its announcement of ready for trial, and before the court had acted upon such motion, the plaintiff, by his counsel, in open court, agreed that the typewritten statement of what defendant expected to prove by said Borchert which is included in its bill of exception No. 2, might be read without objection, as though said Borchert had been present in court and testified under oath to the statement therein contained; and this the defendant, by its attorneys, refused to agree to. At the time said application was made, it appeared to the court, from the statement of defendant's attorneys, that said Borchert had not been requested to be present at court at all, but had merely been requested to go to Jefferson, Marion county, Tex., there to await a request to proceed to the courthouse at Linden, Tex., and that he had not been requested to go to Jefferson on a train or at a time earlier than the train and time when he was proceeding to Jefferson, and it further appeared to the court that had the said Borchert been requested to come to the courthouse at Linden for the purpose of testifying on either the 7th or 8th day of September, and had he complied with such request, his testimony could and would have been available to the defendant at the trial, and the said Borchert could nevertheless have gone to El Paso on the same train that he did go there on."

The court did not, we think, abuse his discretion in refusing this application.

The charge of the court on the measure of damages is objected to upon the ground that it authorized a double recovery. The language used is not susceptible to such construction. The charge was a fair presentation of the elements which the jury might properly consider in making just compensation for the injuries sustained.

A special charge on the issue of assumed risk was presented by the appellant and refused. The testimony in this case did not call for a charge upon that issue. But if it were otherwise the charge which the court did give was correct and sufficient.

[3] While on the stand testifying in his own behalf, Taylor was asked by his attorney if he could tell whether the man on the motor car that came in collision "with his car was coming slow or fast." Counsel for appellant objected to the question upon the ground that it did not appear that the witness saw the other car in time to enable him to determine its speed with any degree of accuracy. The court thereupon asked the witness if he saw it in time to tell the rate of speed. The witness answered as follows: "Well, I don't believe I could, but he must have been running at a terrible rate of speed." The refusal of the court to exclude that statement on the ground that it was a voluntary statement and not responsive to the question is assigned as error. The only witness who testified upon that issue estimated the rate of speed at which the Lovelace car was traveling when the collision occurred at approximately 35 miles an hour. The physical facts attending the collision, the condition of the cars thereafter, and the other incidents indicated that one or both cars were going at a very rapid rate of speed. The most the jury could have inferred from Taylor's statement is that the other car was going very fast. Since that is not disputed by any testimony, we are of the opinion that, even if the statement was not strictly in response to the question, its admission does not constitute a reversible error.

[4] It is also complained that Taylor was

permitted to say that, when he recovered consciousness, he thought he was going to die. There was no error in permitting him to so testify. This might well be considered a part of the mental anguish and suffering which he endured as the result of his injuries.

[5] It is claimed that the damages allowed are excessive. Taylor was a man well advanced in years, and his injuries were very serious. He was practically disabled for the rest of his life. He testified to much physical and mental suffering. We think, under the circumstances, that the damages awarded are not excessive.

The undisputed facts of this case show a meritorious claim for damages, and we should feel loath to reverse it because of some trivial or technical error occurring. in the progress of the trial which did not injure the appellant.

The judgment will therefore be affirmed.